Eastern District of Kentucky
FILED
APR 21 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-257-GWU

CHARLES YORK,           PLAINTIFF,

VS.          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

York

> Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

York

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

York

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

York

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

York

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

York

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Charles York, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of antisocial personality disorder, pneumoconiosis, and a history of alcohol and tobacco abuse. (Tr. 23). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. York retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 24-7). The Appeals Council declined to review, and this action followed.

After an administrative hearing, the ALJ submitted interrogatories to the VE, asking whether a person of the plaintiff's age of 48, ninth grade or "limited" education, and past relevant work experience at the semiskilled jobs of coal mine cutting machine and scoop operator, could perform any jobs if he were limited to occasionally lifting 50 to 100 pounds, frequently lifting 20 to 50 pounds, and continuously lifting 10 to 20 pounds, and also had the following non-exertional impairments. (Tr. 127-8). He: (1) could frequently squat; (2) could occasionally

7

York

bend; (3) could continuously crawl, climb, and reach above shoulder level; (4) would have moderate restrictions in his ability to tolerate marked changes in temperature and humidity, exposure to dust, fumes, and gases, and in driving automobile equipment; and (5) who could perform the mental requirements of only routine, simple, and non-detailed tasks, where public and co-worker contact was casual and infrequent, where supervision was direct and non-confrontational, and where changes in the workforce were infrequent and gradually introduced. (Tr. 128). The VE responded that such a person could perform the jobs of assembler, hand packer, and stock handler, and proceeded to give the numbers in which the jobs existed in the regional and national economies. (Id.).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff's primary arguments on appeal relate to his mental status.[1]

First, counsel for the plaintiff argues that, at a psychological evaluation by Reba Moore in December, 2003, Mr. York obtained a verbal IQ score of 65, a performance IQ score of 80, and a full-scale IQ score of 69. (Tr. 119). Psychologist Moore included "mild mental retardation" among her diagnoses. (Tr. 120). Counsel argues that the scores satisfy the first prong of the Commissioner's Listing of

---

[1] Although the plaintiff makes a reference to the hypothetical physical factors not including any reference to probable degenerative joint disease, he does not identify a specific functional limitation established in the evidence which was not included in the hypothetical question.

8

York

Impairment (LOI) 12.05C, captioned "mental retardation," and that the second prong of the listing is met by the existence of other "severe" impairments. However, no evidence, such as school records, was submitted to show the significantly subaverage adaptive functioning prior to age 22 which is also required by LOI 12.05C. Foster v. Halter, 279 F.2d 348, 354 (6th Cir. 2001). Accordingly, there was no error in this finding by the ALJ.

Second, counsel argues that the ALJ's functional capacity findings do not reflect any of the medical opinions of record. While this is true, all of the mental status examiners in the present case listed alcohol dependence as one of the plaintiff's problems, and did not specifically give mental restrictions in the absence of an alcohol problem. After the passage of Public Law 104-121, restrictions based on substance abuse problems cannot be considered a basis for benefits. Therefore, under the circumstances of this case, the ALJ's hypothetical factors were reasonable.

Finally, counsel argues that Mr. York's educational achievement was an important vocational factor which was not provided to the VE. The Court agrees.

The plaintiff testified that at the administrative hearing that he went halfway through the ninth grade (Tr. 273), consistent with his statements to a consultative psychological examiner, Dr. Gary Maryman (Tr. 142), and he told other sources that he had completed the eighth grade (e.g., Tr. 117, 134). This would equate to a "limited" education even though it is not precisely the same as the ninth grade

9

York

education specified by the ALJ. Achievement testing administered by Reba Moore, by contrast, indicated dramatically lower abilities than suggested by the plaintiff's numerical grade, with Mr. York reading at the second grade level and performing arithmetic at the third grade level. (Tr. 119). The Commissioner's regulations provide that a numerical grade may or may not reflect actual educational abilities, although it can be used if contradictory evidence does not exist. 20 C.F.R. Sections 404.1564(b); 416.964(b) (2004). The Sixth Circuit has accepted that a plaintiff who reads at the third grade level or below is functionally illiterate. Skinner v. Secretary of Health and Human Services, 902 F.2d 447, 450 (6th Cir. 1990). In view of the evidence of functional illiteracy, the Court agrees with the plaintiff. A remand will be required for additional vocational testimony reflecting this factor.

The decision will be remanded for further consideration.

This the  21  day of April, 2006.

G. WIX UNTHANK
SENIOR JUDGE